Filed 4/22/16  P. v. Moon CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ADRIAN DAMICO MOON,<br><br>    Defendant and Appellant. | B265585<br><br>(Los Angeles County<br>Super. Ct. No. BA332095) |

        APPEAL from an order of the Superior Court of Los Angeles County,
David Horwitz, Judge.  Affirmed.

        Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant
and Appellant.

        No appearance for Plaintiff and Respondent.

                        _____

Defendant and appellant Adrian Damico Moon appeals the trial court's order denying his motion to recall his sentence and resentence him pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18, subd. (a)).[1]  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Moon was convicted of 19 counts of attempting to file a false or forged instrument (§§ 664, 115), six counts of attempted grand theft (§§ 664, 487), six counts of forgery (§ 470), three counts of preparing false documentary evidence (§ 134), and four counts of offering false evidence (§ 132).  In an unpublished opinion, we vacated sentence on one of the forgery counts, ordered sentence on five other counts stayed pursuant to section 654, and otherwise affirmed.  (*People v. Moon* (Dec. 14, 2011, B227559) [nonpub. opn.].)[2]  Moon was thereafter resentenced to a term of 16 years 8 months in prison.

On May 8, 2015, Moon, acting in propria persona, filed a petition for recall of his sentence and resentencing pursuant to Proposition 47, section 1170.18, subdivision (a).[3]  On June 9, 2015, the trial court denied the petition on the ground Moon's crimes "are either not Proposition 47 eligible or the value of loss exceeds $950 (real estate)."  Moon filed a timely notice of appeal of the trial court's June 9, 2015 order.

We granted Moon's request that the record be augmented with a settled statement identifying all documents the trial court reviewed in connection with its denial of Moon's petition, as well as the documents themselves.  After review of the augmented record,

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     We take judicial notice of our unpublished opinion.  (Evid. Code, §§ 459, subd. (a), 452, subd. (d).)

[3]     On the standardized form petition, Moon checked a box indicating he had completed his sentence and was requesting that his convictions be designated misdemeanors; he also checked a box indicating he was still serving his sentence and sought recall and resentencing.  It appears from the record that Moon is still serving his sentence.  Thus we understand Moon's petition to seek recall of sentence and resentencing under section 1170.18, subdivision (a).

2

appellant's court-appointed counsel filed an opening brief which raised no issues, and requested this court to conduct an independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On December 11, 2015, we advised appellant that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. We have received no response.

## DISCUSSION

Proposition 47 amended and enacted various provisions of the Penal and Health and Safety Codes which reduced certain drug and theft offenses to misdemeanors, unless committed by ineligible offenders. (*Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1222; *People v. Diaz* (2015) 238 Cal.App.4th 1323, 1327-1328.) Proposition 47 also enacted section 1170.18, which creates a procedure whereby a defendant who has suffered a felony conviction of one of the reclassified crimes can petition to have it redesignated a misdemeanor. Section 1170.18 specifies the sections of the Penal Code which are subject to Proposition 47 resentencing. (*People v. Bush* (2016) 245 Cal.App.4th 992, 1001.) Section 1170.18, subdivision (a) provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." A person who satisfies the section 1170.18 criteria is entitled to resentencing unless the trial court concludes resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b).)

Penal Code sections 115 (offering to file a false or forged instrument), 134 (preparing false evidence), and 132 (offering false evidence), are not listed in section 1170.18. Therefore, as the trial court found, Moon is not eligible for resentencing on these offenses. (See *People v. Bush, supra,* 245 Cal.App.4th at p. 1001.)

3

Proposition 47 reclassified forgery as a misdemeanor if the value of the instrument does not exceed $950. (*People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1309-1310; *People v. Valencia* (2016) 245 Cal.App.4th 730, 735; § 473, subd. (b).) Section 473, subdivision (b), as amended by Proposition 47, provides that any person guilty "of forgery relating to a check, bond, bank bill, note, cashier's check, traveler's check, or money order, where the value of the check, bond, bank bill, note, cashier's check, traveler's check, or money order does not exceed nine hundred fifty dollars ($950)," shall be punished as a misdemeanant unless he or she has suffered a disqualifying offense. The indictment and our unpublished opinion in Moon's direct appeal make clear the forgeries charged in counts 27, 28, 29, 32, and 36 did not involve checks, bonds, notes, or money orders. Instead the crimes arose from Moon's forgeries of a judge's name on a court order (count 27), court records department employees' signatures on court documents (counts 28 and 29), Moon's former putative wife's name on a stipulation filed in family court (count 32), and an acquaintance's name on a notice of appeal (count 36). Thus, the offenses in counts 27, 28, 29, 32, and 36 were not eligible for resentencing.

As to the forgery in count 2, Moon has failed to meet his burden to show the value of the property at issue was $950 or less. (See *People v. Sherow* (2015) 239 Cal.App.4th 875, 878-880; *People v. Hoffman, supra,* 241 Cal.App.4th at p. 1310; *People v. Bush, supra,* 245 Cal.App.4th at pp. 1007-1008.) As charged in the indictment and discussed in our unpublished opinion, count 2 arose from Moon's forgery of a $500,000 promissory note that secured a deed of trust on property owned by Moon's ex-wife's father. The value of the forged instrument, for purposes of section 1170.18, is its face value. (See *People v. Franco* (2016) 245 Cal.App.4th 679, 684 ["value," as used in section 473, subdivision (b), corresponds to the face value of the forged instrument]; *People v. Hoffman,* at p. 1310.) Moon had the burden to prove the value of the forged note was $950 or less. He offered nothing in this regard other than his bare assertion, in his petition, that he "knows in fact, that the value of the documents did not exceed $950." Because he failed to provide or reference any evidence supporting a conclusion the face value of the forged instrument was $950 or less, the trial court did not err in summarily

4

denying his petition.  (*People v. Perkins* (2016) 244 Cal.App.4th 129, 133, 136-138; *People v. Sherow, supra,* at p. 878.)

Section 1170.18 does not expressly include grand theft, section 487, as one of the offenses that may be resentenced, but does include section 490.2.  Section 490.2 provides that "obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950)" shall be considered petty theft and punished as a misdemeanor.  Moon failed to meet his burden to show any of his attempted grand theft convictions in counts 4, 6, 10, 14, 24, and 26 involved an attempt to steal property valued at $950 or less, nor does it appear he could ever meet this burden given the nature of the attempted crimes.  (See *People v. Sherow, supra,* 239 Cal.App.4th at p. 878.)  Each of these counts arose from Moon's filing fraudulent deeds of trust on real property and/or related documents.

We have examined the entire record and are satisfied appellant's attorney has fully complied with the responsibilities of counsel and no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra*, 25 Cal.3d at pp. 441-442.)

**DISPOSITION**

The order is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ALDRICH, Acting P. J.



We concur:



LAVIN. J.



HOGUE, J.*

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.