Filed 5/11/16  P. v. Ramirez CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HOPE MISNER RAMIREZ,<br><br>    Defendant and Appellant. | H042514<br>(Monterey County<br> Super. Ct. No. SS122424A) |

Defendant Hope Misner Ramirez was convicted in December 2013 of two counts of forgery (Pen. Code, § 476) in case Nos. SS122424A and SS121231C.[1]  In 2014, defendant, who was still serving her sentence, filed a petition requesting that her sentence be recalled and she be resentenced in case No. SS122424A to a misdemeanor under section 1170.18, subdivision (b), enacted by Proposition 47, "The Safe Neighborhoods and Schools Act" (the Act).  The court denied defendant's petition after finding her ineligible, because the parties had stipulated that the fictitious check was made payable in the amount of $1,598.09.

Defendant appeals.  She argues that she is eligible for resentencing, because the victim did not suffer pecuniary harm.  Therefore, she claims that the true value of the check was less than $950 and she was eligible for Proposition 47 relief.  We disagree and affirm the trial court's order denying defendant's petition for recall of sentence.

---

[1] Unspecified statutory references are to the Penal Code.

BACKGROUND

On February 27, 2013, defendant was charged by an amended complaint in case No. SS122424A with a count of forgery (uttering a fictitious check) (§ 476), a count of forgery (§ 470, subd. (d)), a count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and a misdemeanor count of possession of a controlled substance (*id.*, § 11364.1, subd. (a)). It was further alleged with respect to counts 1 through 3 that defendant had been out on bail. (§ 12022.1.)

Subsequently, defendant entered into a negotiated disposition for case No. SS122424A and another case, case No. SS121231C.[2] Defendant pleaded nolo contendere to two felony counts of forgery (uttering a fictitious check, § 476), one for each case. Defendant also admitted the on-bail enhancement under section 12022.1. The remaining charges in case No. SS122424A were dismissed. Defendant was sentenced to a total term of five years eight months in jail. The abstract of judgment was filed in December 2013.

In November 2014, the voters enacted Proposition 47, which went into effect the day after it passed. (Cal. Const., art. II, § 10, subd. (a); *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 reduced certain nonviolent crimes to misdemeanors, including the crime of forgery. Under Proposition 47, a crime of forgery is a misdemeanor if the value of the instrument is less than $950 and if certain exceptions, none of which are applicable to defendant, do not apply. (§ 473, subd. (b).)

---

[2] The complaint in case No. SS121231C is not included in the record on appeal. Additionally, defendant states in her opening brief that case No. SS121231C was dismissed. However, the abstract of judgment reflects that defendant pleaded to a count of uttering a fictitious check (§ 476) in case No. SS121231C. Further, the minute order of defendant's change of plea hearing indicates that defendant was advised that pursuant to stipulation, the "total exposure for this case [No. SS122424A] and case #SS121231C is 5 years and 8 months in county jail pursuant to PC1170(h) consecutive." Accordingly, the record does not reflect that case No. SS121231C was dismissed.

On December 10, 2014, defendant petitioned the court under section 1170.18 to recall her sentence in case No. SS122424A. She asserted that she was eligible for relief under Proposition 47 and requested that the court resentence her to a misdemeanor. The People opposed defendant's petition and claimed that she was ineligible because the value of the property or instrument exceeded $950.

In part, defendant's petition argued that she was eligible for resentencing, because the check from which her charges arose was blank and did not contain a name or a dollar amount. She also asserted that the fictitious check had never been cashed and that she did not actually receive any money for the forged check. Nonetheless, on April 7, 2015, the parties stipulated that the fictitious check was made payable in the amount of $1,598.09.[3]

On May 28, 2015, the trial court denied defendant's petition for resentencing, finding that the value of the check exceeded $950. Defendant appealed.

**DISCUSSION**

On appeal, defendant argues that the trial court should not have found her ineligible for Proposition 47 relief, because the fictitious check was never cashed and the victim was not harmed. Defendant further claims that the trial court erroneously focused its attention on the amount written on the forged check, which the parties had stipulated was $1,598.09. Lastly, defendant argues that the trial court failed to consider whether she would be an unreasonable risk of danger to public safety if resentenced under section 1170.18.

---

[3] In support of her petition, defendant attached copies of a police report indicating that the check retrieved was blank. Defendant also attached a copy of the blank check. Therefore, it is unclear from the record what evidence the parties relied on when they stipulated that the amount written on the forged check was $1,598.09. Nonetheless, defendant does not appear to challenge the stipulation that the check was made payable in the amount of $1,598.09. And, during the hearing on the Proposition 47 petition, defendant's attorney reiterated that the "check amount" was $1,598.09.

3

a. *Statutory Framework and Overview*

Proposition 47 enacted a procedure by which a petitioner who is currently serving a sentence for a felony conviction can file a petition with the trial court to have his or her sentence recalled if he or she would have been guilty of a misdemeanor under the Act if the Act had been in effect at the time of his or her offense. (§ 1170.18, subd. (a).)

After receiving a petition for recall of sentence, the trial court shall determine if the petitioner comes within the criteria articulated in section 1170.18, subdivision (a). (§ 1170.18, subd. (b).) If a petitioner comes within section 1170.18, subdivision (a), his or her sentence shall be recalled and the petitioner shall be resentenced to a misdemeanor unless the court finds, in its discretion, that resentencing the defendant will pose an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b).) Section 1170.18, subdivision (c) defines an "unreasonable risk of danger to public safety" as "an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667."

In this particular case, defendant was convicted of violating section 476, which provides that "[e]very person who makes, passes, utters, or publishes, with intent to defraud any other person, or who, with the like intent, attempts to pass, utter, or publish, or who has in his or her possession, with like intent to utter, pass, or publish, any fictitious or altered bill, note, or check, purporting to be the bill, note, or check, or other instrument in writing for the payment of money or property of any real or fictitious financial institution as defined in Section 186.9 is guilty of forgery."

Proposition 47 amended section 473, which sets forth the punishment for forgery offenses.[4] Under the amended version of section 473, forgery where the value of the

---

[4] We note that below and on appeal, the parties cite to section 476a, not section 473. Section 476a is inapplicable to defendant's case. The record reflects that defendant was convicted of forgery (uttering a fictitious check) as defined under section 476, and section 473 defines the punishments for forgery offenses. Section 476a, (continued)

instrument is greater than $950 remains a wobbler offense, punishable as either a felony or a misdemeanor. (§ 473, subd. (a).) However, if the value of the instrument is less than $950, forgery is a misdemeanor unless certain exceptions apply.[5] (§ 473, subd. (b).)

b. *Standard of Review*

A defendant bears the burden of proof as to eligibility under Proposition 47. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 [holding that a defendant bears the burden of proof as to eligibility under § 1170.18, subd. (a)].)

At issue is the trial court's determination that defendant was not eligible to have her felony conviction designated as a misdemeanor. The trial court must find a defendant is ineligible based on a preponderance of the evidence. (Evid. Code, § 115; see, e.g., *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1040 [trial court must find existence of disqualifying factor under § 1170.126 by preponderance of the evidence].) We review the trial court's findings made under a preponderance of the evidence standard for substantial evidence. (*People v. Wong* (2010) 186 Cal.App.4th 1433, 1444.)

c. *Defendant is Ineligible for Proposition 47 Relief*

On appeal, defendant contends that she is eligible for resentencing, because the "value" of the check was less than $950 even though the forged check was made payable

_____

on the other hand, defines the elements and punishments applicable to the offense of drafting a check with insufficient funds. Like section 473, section 476a renders an offense of drafting a check with insufficient funds a misdemeanor if the check is less than $950 (absent certain exceptions), but the offense remains a wobbler if the check is more than $950. (§§ 473, subds. (a) & (b), 476a, subds. (a) & (b).) Based on the similarities between the two statutes, the parties' arguments on appeal—whether the value of the check was greater than $950—apply fully to section 473.

[5] Forgery remains a wobbler offense even if the value of the instrument is less than $950 if the defendant has one or more prior convictions for an offense specified under section 667, subdivision (e)(2)(C)(iv) or for an offense that requires registration under section 290, subdivision (c). Additionally, forgery remains a wobbler offense if the defendant was convicted of both forgery and identity theft as defined in section 530.5. None of these situations applies to defendant.

in the amount of $1,598.09.  Defendant argues that the check was never cashed and the victim did not suffer direct pecuniary harm as a result of her forgery.  She therefore maintains that the trial court erred in focusing on the amount written on the check when evaluating her eligibility.  We disagree.

Proposition 47 amended section 473, which now provides in pertinent part that forgery convictions are misdemeanors, absent certain exceptions, if the forgery "relat[es]" to a check where the "value of the check" does not exceed $950.  (§ 473, subd. (b).)  At issue is what constitutes the "value" of the check under section 473.

We construe the "value" of the check to be the amount written on the check. (*People v. Franco* (2016) 245 Cal.App.4th 679 ["value" as used in § 473, subd. (b) refers to the face value of an instrument even if it was not exchanged for value].)  Any ambiguity in section 473 is resolved by referencing the legislative history of Proposition 47, which supports this interpretation.  The Voter Information Guide to Proposition 47 clearly states that "[u]nder this measure, *forging a check worth $950 or less* would always be a misdemeanor, except that it would remain a wobbler crime if the offender commits identity theft in connection with forging a check."  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis of Prop. 47 by Legis. Analyst, p. 35, italics added.)[6]  Here, the forged check at issue, if drawn, would have entitled defendant to payment on demand of the amount that was written on the check, which was $1,598.09. In other words, defendant forged a check that was worth $1,598.09.  Its value therefore exceeded $950.

Contrary to defendant's claims, section 473 does not require that the victim suffer an actual pecuniary loss.  Nor does section 473 contain any indication that the value of the check should be determined by examining the financial harm incurred as a result of

---

[6] The Voter Information Guide to Proposition 47 is not a part of the record on appeal.  We take judicial notice of it on our own motion.  (Evid. Code, §§ 452, 459.)

6

the forgery.  As a result, we find the trial court did not err in finding defendant ineligible for resentencing.

In her reply brief, defendant opines that she is eligible for resentencing, because if she was charged with the same offense today, she may have been charged with a misdemeanor.  Defendant did not raise this argument in her opening brief and she does not explain why she did not raise it before, so we do not consider it.[7]  (*People v. Smithey* (1999) 20 Cal.4th 936, 1017, fn. 26 [general rule is that points first raised in reply brief will not be considered unless good reason is shown for failure to present them before].)

Next, defendant argues that she should be resentenced because she does not pose an unreasonable risk of danger to public safety within the meaning of section 1170.18, subdivision (b).  However, whether a defendant poses an unreasonable risk of danger to public safety is relevant *only if* a defendant meets the eligibility criteria set forth under section 1170.18, subdivision (a).  (§ 1170.18, subd. (b).)  The trial court determined that defendant was not eligible to be resentenced under Proposition 47; therefore, it did not need to ascertain whether she posed an unreasonable risk of danger to public safety.

Lastly, defendant argues that she was prejudiced when the court erred in denying her petition for resentencing.  Since we find that substantial evidence supports the trial court's determination that she was not eligible for relief under section 1170.18, she has failed to demonstrate error and we need not address her claim of prejudice.

**DISPOSITION**

The order is affirmed.

---

[7] Additionally, we note that in order to establish eligibility for resentencing under Proposition 47, a defendant must show that he or she "*would have been* guilty of a misdemeanor under [Proposition 47] . . . had [Proposition 47] been in effect at the time of the offense." (§ 1170.18, subd. (a), italics added.)  In other words, eligibility is not established by showing that the defendant *could have been* guilty of a misdemeanor.

 

 

 

_____
Premo, J.

 

WE CONCUR:

 

_____
Rushing, P.J.

 

_____
Márquez, J.

 

People v. Ramirez
H042514

8