Filed 9/7/16  P. v. Cooper CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042711 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC826636) |
| v. | |
| CASEY WAYNE COOPER, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

Defendant Casey Wayne Cooper pleaded guilty to possession of a controlled substance (former Health & Saf. Code, § 11377, subd. (a)), misdemeanor possession of controlled substance paraphernalia (*id*., § 11364), and misdemeanor being under the influence of a controlled substance (*id*., § 11550, subd. (a)).  The trial court suspended imposition of sentence and placed defendant probation.

While defendant was on probation, Penal Code section 1170.18[1] was enacted by the voters as part of Proposition 47, which reclassified certain drug offenses as misdemeanors.  Section 1170.18 sets forth two different petition or application procedures for defendants seeking to have a felony conviction resentenced to or

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

designated as a misdemeanor.  (*Id*., subds. (a) & (f).)  A defendant who successfully petitions under either procedure and has a felony conviction resentenced to or designated as a misdemeanor is still subject to the ban on firearms possession that is applicable to felons.  (*Id*., subd. (k).)

At a hearing after he allegedly violated his probation, defendant sought to have his felony drug conviction deemed a misdemeanor under Proposition 47.  Defendant expressly objected to the requirement that he proceed by way of a petition in order to obtain relief under Proposition 47, arguing that it violated his Second Amendment right. The trial court "overruled" the objection, sentenced him to 85 days in county jail upon his admission that he violated probation, and nevertheless "redesignated" his felony conviction a "misdemeanor pursuant to Proposition 47."

On appeal, we understand defendant to contend that the petition and other procedures provided by section 1170.18 did not apply to him, and that his felony drug conviction automatically became a misdemeanor upon the passage of Proposition 47. Defendant argues that the trial court therefore erred in sentencing him to jail before designating his felony drug conviction a misdemeanor, and that he suffered adverse consequences as a result.

The Attorney General contends that defendant did not proceed by way of the required petition under section 1170.18, subdivision (a), and that the trial court therefore imposed an unlawful sentence when it redesignated defendant's felony drug conviction a misdemeanor under Proposition 47.

For reasons that we will explain, the order redesignating defendant's felony drug conviction a misdemeanor must be vacated and the matter must be remanded for resentencing on the probation violation.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  *The Complaint, Defendant's Pleas, and the Grant of Probation*

In 2008, defendant was charged by complaint with possession of a controlled substance (former Health & Saf. Code, § 11377, subd. (a); count 1), misdemeanor possession of controlled substance paraphernalia (*id*., § 11364; count 2), and misdemeanor being under the influence of a controlled substance (*id*., § 11550, subd. (a); count 3).  In 2009, defendant pleaded guilty to all counts and the trial court granted him deferred entry of judgment.  A bench warrant was later issued after defendant failed to appear in court.

In 2013, defendant appeared in court and deferred entry of judgment was terminated.  The trial court suspended imposition of sentence, and placed defendant on formal probation with various terms and conditions, including that he complete a Proposition 36 treatment program.  The court also imposed various fines and fees, including a restitution fine and a suspended probation revocation restitution fine (see §§ 1202.4, subd. (b), 1202.44).

In 2014, defendant apparently declined to participate in the Proposition 36 treatment program.  The terms and conditions of his probation were modified, including that he serve time in jail, and his probation was extended to July 15, 2017.

### B.  *The Probation Modification Petition*

In May 2015, the probation department petitioned the trial court for modification of the terms of defendant's probation.  The petition alleged that defendant violated his probation by failing to complete a jail sentence; failing to report to probation for three office appointments; failing to make himself available for search and testing; failing to provide proof of education, vocational training, or employment; failing to enroll in or complete a substance abuse counseling program; failing to provide proof of registration pursuant to Health and Safety Code section 11590; and testing positive for drugs.

3

Defendant did not appear at a hearing on the matter and his probation was summarily revoked.

### C. *Defendant's Request for Relief Under Section 17 or Proposition 47*

On August 3, 2015, another hearing was held on the probation modification petition. On appeal, the parties dispute what occurred at the hearing, and therefore we set forth the proceeding in detail.

Counsel apparently appeared for defendant and for another person whose hearing was scheduled for a time shortly after defendant's hearing. At the outset, the trial court asked counsel whether in each case there was a waiver of formal arraignment, formal advisement of rights, and reading of the petition, and an acknowledgment of receipt of a written petition. Defense counsel responded affirmatively. The trial court then indicated that there were no early release programs for "local sentences or 1170(h) sentences."

The trial court proceeded to call and specifically address defendant's case. The following exchange occurred between the parties and the court:

"[DEFENSE COUNSEL]: This looks to be a Prop 47 case.

"THE COURT: Are you on this Ms. Wells [(the prosecutor)]?

"[THE PROSECUTOR]: Is this 10:00 o'clock, your Honor?

"THE COURT: "Yes, 10:00.

"[THE PROSECUTOR]: Good morning. I'm sorry. Thank you. Which matter, please?

"THE COURT: Number one.

"[THE PROSECUTOR]: Yes. I'm here. Kathy Wells.

"[DEFENSE COUNSEL]: He has no known history.

"[THE PROSECUTOR]: Yes.

"THE COURT: All right.

"[DEFENSE COUNSEL]: And I'm requesting that the court on [its] own motion, [s]ection 17 this to preserve my client's [S]econd [A]mendment rights under *People v.*

4

*Heller*. And he has no prior records, so the only thing standing in the way of restoring his rights under the [S]econd [A]mendment would be the [s]ection 17 by the court's motion or by operation of law.

"THE COURT: Proposition 47 does require a petition.

"[DEFENSE COUNSEL]: And my objection is that that petition, the way the [L]egislature set it up, violates my client's [S]econd [A]mendment right.

"THE COURT: Your argument is with the [L]egislature. I'm bound by the law as it's written. And so over – your objection is overruled.

[Defendant], do you understand the rights that you have on a probation violation?

"THE DEFENDANT: Yes.

"THE COURT: Do you give up each of those rights?

"THE DEFENDANT: Yes.

"THE COURT: With your rights in mind, do you admit that you are in violation of probation for the reason stated in the petition?

"THE DEFENDANT: Yes, your Honor.

"THE COURT: Counsel, do you concur?

"[DEFENSE COUNSEL]: I do, your Honor.

"THE COURT: All right. Probation remains revoked. You're sentenced to 85 days county jail. Credit for time served: 55 actual, 30 under [section] 4019. Total is 85 days. Sentence is deemed served. You're ordered released. [¶] The balance of fines and fees are to be collected civilly. Count I is redesignated a misdemeanor pursuant to Proposition 47.

"[THE PROSECUTOR]: Thank you, your Honor."

**D. *Defendant's Notice of Appeal and Request for Certificate of Probable Cause***

Defendant filed a notice of appeal challenging the August 3, 2015 order. Among the bases for his appeal was that "[t]he petition process for Proposition 47 violates [his] Second Amendment Rights."

Defendant also requested and was granted a certificate of probable cause. In his request, defendant argued that the trial court failed to properly reclassify his felony drug conviction as a misdemeanor under Proposition 47. Defendant stated that he "was required to use a local superior court form that directed probationers to invoke Proposition 47's retrospective petition for resentencing process." Defendant indicated that he formally objected and that a hearing was held on the matter. Defendant contended that his "only avenue of relief under Proposition 47 was to proceed, over objection, under Proposition 47's petition for resentencing provisions set forth under Penal Code section 1170.18. By proceeding in this manner, a defendant is potentially subject to Proposition 47's heightened dangerousness hearing and parole supervision. The petition process also triggers Proposition 47's firearm bar, which also subjects one to further prosecution. [Citation.] Requiring a probationer, a person without [a] final judgment of conviction, to go through the petition process, while similarly situated individuals (e.g., either pending sentencing or pre-plea) benefit from prospective application of Proposition 47 under normal principles of retroactivity, violates the defendant's rights to state and federal equal protection and his right under the 2nd Amendment to the United States Constitution. But for the court's denying [defendant's] request to have the charge reduced by operation of law, his 2nd Amendment rights would have been restored."

### III.  DISCUSSION

#### A.  *Legal Background:  Proposition 47*

On November 4, 2014, voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (the Act). (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014), eff. Nov. 5, 2014.) Proposition 47 reclassified certain drug and theft related offenses as misdemeanors instead of felonies or alternative felony misdemeanors. (§ 1170.18, subd. (a); *People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.) The statutes amended by Proposition 47 include Health and Safety Code section 11377, subdivision (a), the

6

former version of which provided the basis for defendant's felony conviction. Prior to Proposition 47, possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a) was a wobbler. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) As a result of Proposition 47, Health and Safety Code section 11377, subdivision (a) now provides that possession of specified controlled substances is punishable as a misdemeanor unless the defendant has certain disqualifying prior convictions.[2]

Proposition 47 also enacted a new statutory provision, section 1170.18, which sets forth two different procedures for defendants seeking to have a felony conviction resentenced to or designated as a misdemeanor.

The first procedure under section 1170.18 applies to a defendant who is "currently serving a sentence" for a felony conviction and who would have been guilty of a misdemeanor under the Act if the Act had been in effect at the time of the offense. (§ 1170.18, subd. (a).) Such a defendant may petition for a recall of his or her sentence and request resentencing in accordance with the amended statute that reclassified the defendant's offense as a misdemeanor. (*Ibid.*) If the petitioner meets the requisite statutory criteria, "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Id.*, subd. (b); see *id.*, subd. (c).) Section 1170.18 sets forth various factors that a court may consider in exercising its discretion. (*Id.*, subd. (b)(1)-(3).) A defendant is not

---

[2] Health and Safety Code section 11377, subdivision (a) provides for the following punishment: "imprisonment in a county jail for a period of not more than one year, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 of the Penal Code if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 of the Penal Code or for an offense requiring registration pursuant to subdivision (c) of Section 290 of the Penal Code."

7

eligible for resentencing if he or she has suffered a specified prior conviction. (*Id.*, subd. (i).) A defendant who is resentenced pursuant to section 1170.18 is subject to a one-year period of parole, unless the court as part of its resentencing order releases the defendant from parole. (*Id.*, subd. (d).)

The second procedure under section 1170.18 applies to a defendant who has "completed his or her sentence" for a felony conviction and who would have been guilty of a misdemeanor under the Act if the Act had been in effect at the time of the offense. (§ 1170.18, subd. (f).) Such a person may file an application to have the felony conviction designated as a misdemeanor, and the trial court must make the misdemeanor designation if the defendant meets the requisite criteria and has not suffered a specified prior conviction. (*Id.*, subds. (f), (g) & (i).)

A defendant who obtains relief under either procedure and has a felony conviction resentenced to or designated as a misdemeanor is still subject to the ban on firearms possession that is applicable to felons. (§ 1170.18, subd. (k).)

On appeal, we understand defendant to contend that the procedures provided by section 1170.18 did not apply to him and that Proposition 47 automatically reduced his felony drug conviction to a misdemeanor. Defendant argues that the trial court "erred in believing it was required to sentence [him] and then recall the sentence for relief to be given under Proposition 47." In the alternative, defendant argues that he was sentenced for purposes of Proposition 47 when he was placed on probation, and that the court therefore "erred in believing it needed to impose a sentence for [him] to benefit from Proposition 47." Defendant contends that the improper procedure utilized by the court caused him to suffer adverse consequences, such as being required to pay felony restitution fines and being prohibited from possessing a firearm. Defendant requests that his sentence be "reverse[d]" and that his felony conviction for possession of a controlled substance "be treated as a misdemeanor without imposing a felony sentence."

8

The Attorney General contends that defendant's felony drug conviction did not automatically become a misdemeanor upon passage of Proposition 47. Rather, defendant was "currently serving a sentence" within the meaning of section 1170.18, subdivision (a) while on probation, and therefore he was required to petition for relief under that subdivision in order to be resentenced to a misdemeanor. The Attorney General contends that defendant did *not*, however, petition for relief under section 1170.18, subdivision (a), and that therefore the trial court imposed an unlawful sentence when it redesignated defendant's felony drug conviction a misdemeanor.

In reply, defendant contends that the recall and resentencing procedure set forth in section 1170.18 did not apply to him, and that he was entitled to have his felony drug conviction automatically reduced to a misdemeanor. Defendant alternatively argues that he made an "oral Proposition 47 petition" in the trial court, that he was "sentenced" for purposes of Proposition 47 when he was placed on probation, and that the trial court erred in believing it needed to impose a jail sentence in order for him to benefit from Proposition 47.

We will first consider the issue of whether defendant's felony drug conviction automatically became a misdemeanor upon the passage of Proposition 47. We will then consider the question of whether the procedure set forth in section 1170.18, subdivision (a) was applicable to defendant in order to be resentenced to a misdemeanor. Lastly, we will consider whether the trial court followed the proper procedure in this case upon defendant's request to have his felony drug conviction reduced to a misdemeanor.

**B.** *Retroactivity*

### 1. Legal background

Section 3 specifies that no part of the Penal Code is retroactive, "unless expressly so declared." Section 3 "provides the default rule" regarding retroactivity, "codifying 'the time-honored principle . . . that in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that

9

the Legislature [or electorate] . . . must have intended a retroactive application.' [Citations.]" (*People v. Brown* (2012) 54 Cal.4th 314, 319 (*Brown*).)

A "qualification" to the prospective-only presumption regarding statutory amendments was set forth in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). (*Brown*, *supra*, 54 Cal.4th at p. 323.) That qualification is: "When the Legislature [or electorate] has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature [or electorate] intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date. [Citation.]" (*Ibid*., fn. omitted.) As the *Estrada* court explained: "When the Legislature amends a statute so as to lessen the punishment[,] it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Estrada*, *supra*, 63 Cal.2d at p. 745.)

In *In re May* (1976) 62 Cal.App.3d 165 (*May*), the appellate court addressed the application of *Estrada* and the issue of when a judgment is final for a defendant placed on probation. In *May*, the "proceedings in the case were suspended and [the defendant] was placed on probation" for a drug offense. (*Id.* at p. 167.) A statutory amendment subsequently reduced the offense from a felony to a misdemeanor. (*Ibid.*) In the defendant's case, however, the trial court continued to treat the offense as a felony when the defendant was later found in violation of probation. (*Id.* at pp. 167-168.) The appellate court determined that, "[s]ince the proceedings were suspended, no final judgment was entered for the purposes of this case. [Citations.] Thus, the rationale of *Estrada* applies to this case because the amendatory statute became effective after the

10

commission of the act but before the judgment of conviction was final." (*Id.* at p. 169.) The appellate court therefore concluded that the defendant's offense should be designated and treated as a misdemeanor. (*Ibid.*)

"The rule in *Estrada*, of course, is not implicated where the Legislature clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent." (*People v. Nasalga* (1996) 12 Cal.4th 784, 793, fn. omitted (*Nasalga*) (plur. opn. of Werdegar, J.); see *Estrada*, *supra*, 63 Cal.2d at p. 747 ["where there is an express or implied saving clause," the prior statute "should continue to operate as to past acts"].) If there is no express saving clause, one will be implied if the Legislature or electorate has "demonstrate[d] its intention with sufficient clarity that a reviewing court can discern and effectuate it." (*In re Pedro T.* (1994) 8 Cal.4th 1041, 1049 (*Pedro T.*).)

For example, the "functional equivalent of a saving clause" was included in Proposition 36, the Three Strikes Reform Act of 2012 (the Reform Act). (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 172 (*Yearwood*).) The Reform Act "change[d] the requirements for sentencing a third strike offender" by authorizing life sentences only in certain cases. (*Yearwood*, *supra*, at p. 167.) The Reform Act also enacted a new statute, section 1170.126, which "created a postconviction release proceeding whereby [an eligible] prisoner . . . may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. [Citation.]" (*Yearwood*, *supra*, at p. 168.)

The *Yearwood* defendant was sentenced as a third strike offender prior to the Reform Act. (*Yearwood*, *supra*, 213 Cal.App.4th at p. 167.) Had he been sentenced after the Reform Act, he would not have been sentenced to an indeterminate life term. (*Yearwood*, *supra*, at p. 168.) The appellate court considered whether it could issue an order that he be resentenced, or whether his remedy was "limited to filing a petition for a recall of his sentence in compliance with section 1170.126." (*Ibid.*)

11

The *Yearwood* defendant argued that the Reform Act should apply retroactively, based on *Estrada*, because the Reform Act reduced the punishment for his offense. The *Yearwood* court disagreed, finding that "[t]he *Estrada* rule does not apply to the [Reform] Act because section 1170.126 operates as the functional equivalent of a saving clause." (*Yearwood*, *supra*, 213 Cal.App.4th at p. 172.) The court examined the language of section 1170.126, subdivision (b), which provides, "Any person serving an indeterminate term of life imprisonment" imposed for a third strike conviction "may file a petition for a recall of sentence." The court found this phrase was "not ambiguous" and that section 1170.126 "is correctly interpreted to apply to all prisoners serving an indeterminate life sentence imposed under the former three strikes law." (*Yearwood*, *supra*, at p. 175.)

On June 30, 2016, the California Supreme Court similarly held that third strike defendants who were sentenced prior to the effective date of the Reform Act, but whose judgments were not yet final as of that date, "are not entitled to automatic resentencing, but instead may seek resentencing by petitioning for recall of sentence under section 1170.126." (*People v. Conley* (2016) 63 Cal.4th 646, 652 (*Conley*).) Among the court's reasons in reaching this conclusion was the fact that "the Reform Act is not silent on the question of retroactivity." (*Id.* at p. 657.) Rather, "[s]ection 1170.126 creates a special mechanism that entitles all persons 'presently serving' indeterminate life terms imposed under the prior law to seek resentencing under the new law. By its terms, the provision draws no distinction between persons serving final sentences and those serving nonfinal sentences, entitling both categories of prisoners to petition courts for recall of sentence under the Act." (*Ibid.*; see § 1170.126, subd. (a).)

The California Supreme Court also explained that "[t]he recall procedures in Penal Code section 1170.126 were designed to strike a balance between [the] objectives of mitigating punishment and protecting public safety by creating a resentencing mechanism for persons serving indeterminate life terms under the former Three Strikes

12

law, but making resentencing subject to the trial court's evaluation of whether, based on their criminal history, their record of incarceration, and other relevant considerations, their early release would pose an 'unreasonable risk of danger to public safety.' [Citation.]" (*Conley*, *supra*, 63 Cal.4th at p. 658.) The California Supreme Court "[could] discern no basis to conclude that the electorate would have intended for courts to bypass the public safety inquiry altogether in the case of defendants serving sentences that are not yet final." (*Id.* at p. 659.)

## 2. Analysis

Defendant contends that "Proposition 47 automatically reduced qualifying charges to misdemeanors" for probationers such as him, whose imposition of sentence had been suspended, and for other defendants who were sentenced after Proposition 47 went into effect.

The question of whether retroactive application of Proposition 47's reduced penalty provisions is required under *Estrada* requires a determination of the intent of the electorate (*Estrada*, *supra*, 63 Cal.2d at p. 744), which may be signaled by the inclusion of "either an express saving clause or its equivalent" (*Nasalga*, *supra*, 12 Cal.4th at p. 793; see *Estrada*, *supra*, at p. 747).

We determine that although Proposition 47 does not have an express saving clause, it did create section 1170.18, which is functionally equivalent to a saving clause. (See *Nasalga*, *supra*, 12 Cal.4th at p. 793; *Pedro T.*, *supra*, 8 Cal.4th at p. 1049; *Estrada*, *supra*, 63 Cal.2d at p. 747.) In enacting Proposition 47, the electorate drew distinctions between three categories of defendants—those who had not yet been sentenced, those who were "currently serving" sentences (§ 1170.18, subd. (a)), and those who had completed their sentences (*id.*, subd. (f))—and it provided procedures for those latter two categories of defendants who sought to benefit from the ameliorative provisions provided by Proposition 47. In particular, under section 1170.18, subdivision (a), a defendant who is "currently serving a sentence for a conviction" may petition for a recall of sentence and

resentencing.  Like the resentencing petition process created by the Reform Act, the resentencing petition process contained in section 1170.18, subdivision (a) expressly applies to defendants who are "currently serving a sentence" for a crime that would have been a misdemeanor after the passage of Proposition 47.  (Cf. § 1170.126, subds. (a) & (b); see *Conley*, *supra*, 63 Cal.4th at pp. 657-658; *Yearwood*, *supra*, 213 Cal.App.4th at p. 173.)  Further, like the resentencing process created by the Reform Act, the resentencing process contained in section 1170.18, subdivision (b) makes resentencing subject to the trial court's evaluation of whether resentencing the defendant "would pose an unreasonable risk of danger to public safety."  (Cf. § 1170.126, subd. (f); see *Conley*, *supra*, 63 Cal.4th at pp. 658-659; *Yearwood*, *supra*, 213 Cal.App.4th at p. 176.)  By setting forth a specific procedure for those defendants who were "currently serving a sentence" at the time the initiative took effect and in view of the nature of that procedure (§ 1170.18, subd. (a); see *id.*, subd. (b)), the electorate effectively and clearly "demonstrate[d] its intention" that such defendants follow those procedures set forth in section 1170.18 in order to be resentenced to a misdemeanor (*Pedro T.*, *supra*, at p. 1049).[3]

We therefore turn to the question of whether defendant is "currently serving a sentence" (§ 1170.18, subd. (a)), such that the recall and resentencing procedure set forth in section 1170.18 applies to him.  (See, e.g., *id.*, subds. (a) - (d).)

---

[3] In *People v. Davis* (2016) 246 Cal.App.4th 127 (*Davis*), review granted July 13, 2016, S234324, the appellate court similarly concluded that, for defendants who were currently serving a sentence or who had completed a sentence for a felony covered by Proposition 47, "the electorate made clear its intent as to the nature and extent of the retroactive application of the amendments.  For those persons, there is no need, and no place, for inferences about retroactive application, and therefore no basis for invoking *Estrada*." (*Davis*, *supra*, at p. 137.)

14

### C. *"Currently Serving a Sentence"*

Defendant contends that, because the imposition of his sentence was suspended and he was placed on probation, he was not "currently serving a sentence" within the meaning of section 1170.18, subdivision (a). In the alternative, he argues that he was serving a sentence while on probation and that "the court abused its discretion in believing it was required to impose a jail term in order to provide the benefit of Proposition 47."

The Attorney General contends that defendant, as a probationer, was "currently serving a sentence" within the meaning of section 1170.18, subdivision (a), and that therefore the recall and resentencing procedure set forth in that section had to be followed by defendant and the trial court.

" 'In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction. [Citation.] Thus, [1] "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] [2] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] [3] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] [¶] In other words, our 'task is simply to interpret and apply the initiative's language so as to effectuate the electorate's intent.' [Citation.]" (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900-901.)

In *People v. Garcia* (2016) 245 Cal.App.4th 555 (*Garcia*), we determined that the phrase "currently serving a sentence" in section 1170.18, subdivision (a), "appl[ies] to all those with felony dispositions, including those placed on probation who otherwise meet

the conditions specified in the statutory scheme." (*Garcia*, *supra*, at p. 559.)[4] In *Garcia*, as in the instant case, the trial court suspended imposition of sentence and placed the defendant on probation for felony possession of a controlled substance (former Health & Saf. Code, § 11377, subd. (a)). (*Garcia*, *supra*, at p. 557.)

We agreed with the parties in *Garcia* that interpreting the statutory language to *not* include probationers would lead to absurd consequences. We observed that "there is nothing in either the ballot materials or the statutory language that appears to limit the phrase 'currently serving a sentence for a conviction' to those serving a term of imprisonment." (*Garcia*, *supra*, 245 Cal.App.4th at p. 558.) Moreover, "granting probation is in some contexts a 'sentencing choice' (see, e.g., Cal. Rules of Court, rule 4.405(6) [' "Sentence choice" means the selection of any disposition of the case that does not amount to a dismissal, acquittal, or grant of a new trial.']). (Cf. *People v. Howard* (1997) 16 Cal.4th 1081, 1084 [referring to court's authority 'at time of sentencing' either to suspend imposition of sentence or impose sentence and suspend its execution]; *In re DeLong* (2001) 93 Cal.App.4th 562, 571 ['an order granting probation and suspending imposition of sentence is a form of sentencing'].)" (*Ibid.*) Indeed, "the language of another voter initiative, Proposition 36, the Substance Abuse and Crime Prevention Act of 2000, used the language 'sentenced to probation.' (See *People v. Mendoza* (2003) 106 Cal.App.4th 1030, 1034 [quoting ballot pamphlet to distinguish conviction from sentence and referring to 'sentence of probation'].)" (*Ibid.*)

We explained in *Garcia* that "[t]he ballot materials for Proposition 47 likewise indicate that the voters regarded probation as one of the options within a sentencing procedure; the legislative analysis refers to offenders who are 'sentenced' to supervision by a county probation officer while indicating that both jail time for eligible offenders

---

[4] In *Davis*, *supra*, 246 Cal.App.4th at pages 132 and 143, review granted, the appellate court similarly concluded that probationers fall within the meaning of section 1170.18, subdivision (a).

and the caseloads of probation officers would be reduced by including felony probation as a disposition eligible for resentencing under section 1170.18. (See *People v. Shabazz* (2015) 237 Cal.App.4th 303, 310 [discussing Prop. 47 mechanism for resentencing after being 'sentenced or placed on probation'].) The Legislative Analyst discussed these options under the heading of 'Misdemeanor Sentencing' and generally noted the fiscal consequences of 'the *resentencing* of individuals currently serving sentences for felonies that are changed to misdemeanors.' (Italics added.) Nothing in the text of the initiative, the legislative analysis, or the arguments for and against it indicate an intent to distinguish between a prison sentence and felony probation, or between a grant of probation after suspending imposition of sentence and an order imposing sentence but suspending its execution. The statute itself allows the recall of a 'felony sentence' and allows the petitioner to request 'resentencing' in Health and Safety Code section 11377 cases, without segregating those serving prison sentences from those serving probation terms. (§ 1170.18, subds. (a), (b).) . . . Proposition 47 was intended to reach those with 'nonserious, nonviolent crimes like . . . drug possession,' which would encompass many who were granted probation. (Voter Information Guide, [Gen. Elec. (Nov. 4, 2014)] text of Prop. 47, § 3, p. 70.) To deprive those defendants of the benefit of the reduced penalty for their offenses would create an incongruity the voters would not have either anticipated or approved." (*Garcia*, *supra*, 245 Cal.App.4th at pp. 558-559, fns. omitted.)

Defendant fails to persuade us that *Garcia* is distinguishable from his case or that we should otherwise not follow *Garcia*.

Defendant argues that, because section 1170.18, subdivision (a) authorizes a petition for recall of sentence from the trial court that entered the "judgment of conviction," subdivision (a) does not apply to a probationer whose imposition of sentence has been suspended because no such judgment has been entered. However, section 1237, subdivision (a), which governs criminal appeals, provides that a "final judgment of conviction" includes an order granting probation.

17

Defendant also argues that the voters in enacting Proposition 47 only intended section 1170.18 to be utilized by prisoners, and not by probationers. For example, according to defendant, whereas section 1170.18, subdivision (b) requires a trial court to assess a defendant's risk to public safety before resentencing the defendant to a misdemeanor, a court that grants probation has already made a determination that the defendant poses a lesser risk to public safety. Defendant also points to other language in Proposition 47 and argues the initiative was designed to alleviate the burden placed on the prison system from prison sentences being imposed for minor crimes and to provide relief for defendants incarcerated for nonserious crimes. (See Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 2 [Proposition 47 enacted "to ensure that prison spending is focused on violent and serious offenses, [and] to maximize alternatives for nonserious, nonviolent crime"], 3 [Proposition 47 "[e]nsure[s] that people convicted of murder, rape, and child molestation will not benefit from this act"].)

We are not persuaded by defendant's arguments. Some of the provisions in section 1170.18 may be more appropriately applied to one defendant over another defendant, whether those two defendants are both in prison, both on probation, or one in prison and one on probation. The provisions of section 1170.18 are not inconsistent with an intent by the electorate to include probationers within the recall/resentencing procedures. For example, that a court may be more likely to have public safety concerns when a recall petition is brought by a defendant in prison as compared to a petition brought by a probationer, does not suggest that the electorate intended to require a recall petition by a prisoner only and not by a probationer.

**D.** *The August 3, 2015 Hearing*

In this case, defendant sought to have his felony drug conviction designated a misdemeanor. The record on appeal does not contain a written petition requesting such relief. At the August 3, 2015 hearing on the probation department's petition to modify defendant's probation, defense counsel stated to the court, "This looks to be a Prop 47

18

case." Defense counsel later stated, "I'm requesting that the court on [its] own motion, [s]ection 17 this to preserve my client's [S]econd [A]mendment rights under *People v. Heller*. And he has no prior records, so the only thing standing in the way of restoring his rights under the [S]econd [A]mendment would be the [s]ection 17 by the court's motion or by operation of law." After the trial court stated that "Proposition 47 does require a petition," defense counsel responded: "And my objection is that that petition, the way the [L]egislature set it up, violates my client's [S]econd [A]mendment right." The court then ruled as follows: "Your argument is with the [L]egislature. I'm bound by the law as it's written. And so . . . your objection is overruled." Defendant admitted violating his probation, and the court sentenced him to 85 days in county jail with credit for time served. At the end of the hearing, the court "redesignated" defendant's felony drug conviction "a misdemeanor pursuant to Proposition 47."

On appeal, defendant contends that he made an "oral Proposition 47 petition." (See *People v. Amaya* (2015) 242 Cal.App.4th 972, 974 [determining that the defendant's oral motion satisfied the statutory requirement of a petition under section 1170.18, subdivision (a)].)

Based on the record, we determine that defendant's request for relief under Proposition 47 was *not* made pursuant to the petition, recall, and resentencing procedure provided by section 1170.18. Rather, defense counsel expressly *objected* to that petition procedure on the ground that it violated defendant's Second Amendment right. Defense counsel instead sought to have defendant's felony drug conviction reduced to a misdemeanor based on "[s]ection 17 by the court's motion or by operation of law." By seeking relief in this manner, it appears defendant sought to avoid the ban on firearms possession that would continue to apply if his felony conviction was resentenced to a misdemeanor under section 1170.18. (See § 1170.18, subd. (k).)

As we have explained, defendant was not entitled to have his felony drug conviction automatically reduced to a misdemeanor. Rather, in order to seek such relief

19

under Proposition 47, defendant was required to petition the trial court pursuant to the procedure set forth in section 1170.18, subdivision (a), because he was "currently serving a sentence" within the meaning of that subdivision while on probation. If defendant had petitioned the court for relief pursuant to that subdivision, the court could have properly considered whether to resentence him pursuant to the procedure set forth in section 1170.18. In the absence of such a petition, defendant was not entitled to benefit from the ameliorative provisions provided by Proposition 47.

The Attorney General contends that the trial court's improper redesignation of defendant's offense as a misdemeanor pursuant to Proposition 47 constitutes an unlawful sentence because the court "afforded [him] Proposition 47 relief outside of the petition process." The Attorney General argues that the sentence should be vacated and the matter remanded for resentencing so the court may consider defendant's request to have his offense designated a misdemeanor under section 17 and defendant may have the opportunity to petition for relief under section 1170.18, subdivision (a).

"When a court pronounces a sentence which is unauthorized by the Penal Code, that sentence must be vacated and a proper sentence imposed whenever the mistake is appropriately brought to the attention of the court. [Citations.]" (*People v. Massengale* (1970) 10 Cal.App.3d 689, 693 (*Massengale*); accord, *People v. Martinez* (2015) 240 Cal.App.4th 1006, 1015.) "When a trial court pronounces a sentence that is unauthorized by law, the People may raise the point on defendant's appeal as they did here. [Citations.]" (*People v. Vizcarra* (2015) 236 Cal.App.4th 422, 431.) "When the mistake is discovered while the defendant's appeal is pending, the appellate court should affirm the conviction and remand the case for a proper sentence. [Citation.]" (*Massengale*, *supra*, at p. 693.)

In this case, we have determined that the trial court erred in redesignating defendant's felony drug conviction a misdemeanor under Proposition 47. We will

20

therefore vacate that order and remand the matter for resentencing on the probation violation.[5]

## IV.  DISPOSITION

The order of August 3, 2015 is reversed, and the matter is remanded to the trial court with directions to vacate the order redesignating defendant's felony conviction for possession of a controlled substance (former Health & Saf. Code, § 11377, subd. (a); count 1) a misdemeanor, and to resentence defendant on the probation violation.

---

[5] Defendant is not precluded from petitioning the trial court for relief under section 1170.18, subdivision (a) or making a motion under section 17.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:


_____
ELIA, ACTING P.J.



_____
MIHARA, J.


*People v. Cooper*
**H042711**