[Crim. No. 8291. Second Dist., Div. Four. Dec. 14, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. ROY JONES, Defendant and Appellant.

Elinor Chandler, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, Samuel L. Williams, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In an information filed by the district attorney of Los Angeles County, defendant was charged with violation of section 470 of the Penal Code, forgery. An amendment to the information was filed charging three prior felony convictions. Defendant entered a plea of not guilty to the offense charged and denied the prior convictions. Trial was by the court, trial by jury having been duly waived by defendant and all counsel on the offense charged and on the prior convictions. Pursuant to stipulation of defendant and counsel, the cause was submitted to the court on the evidence adduced and the testimony contained in the transcript of the proceedings had at the preliminary hearing. At the commencement of the trial the court indicated for the record that it had read and considered the evidence produced at the preliminary hearing. Defendant testified at the trial in his own behalf. Defendant was found guilty as charged and the prior convictions were found to be true. Probation was denied and defendant was sentenced to state prison for the term prescribed by law. This is an appeal from the judgment of conviction and order denying motion for new trial.

Defendant applied to this court for appointment of counsel to assist him on appeal. In the application defendant declared that he was unable to read or write. Having made an independent investigation of the record and having determined that the proposed grounds of appeal raise a substantial legal question, we granted the application and appointed counsel to represent defendant on this appeal.

Defendant had been an employee of the Valley Industrial Laundry for about a week and a half prior to November 13, 1961. On that date he arrived on the job an hour late and was called into the manager's office, where he was told that he could go home since he had been replaced by another worker for that day. The manager followed defendant out of the office leaving a book of blank checks on the desk. The manager remained out of the office for about a half hour.

Later the same day, defendant presented a purported payroll check to Donald Engle, assistant manager of Alexander's Market on South Vermont Avenue in Los Angeles. The check read as follows:

| | | |
|---|---|---|
| THE VALLEY INDUSTRIAL LAUNDRY | No. 20508 | |
| [address] | 11-13 1961 | |

Pay
to the
order of　　　　　Roy Jones　　　　　　　$ 93.81

Dollars

FIRST WESTERN BANK
　　[address]　　　　　　　　　　S. T. Shaffer [signed]

Seeing that the line where the amount is to be written out in longhand was left blank, Mr. Engle told defendant that he would have to verify the check. He told defendant he would be right back, but as soon as he turned to leave the checkstand, defendant ran out of the market leaving the check.

After receiving a telephone call from Alexander's Market concerning the check, the manager of Valley Industrial Laundry examined the checkbook and discovered two blank checks had been pulled out from the middle of the checkbook. One of the missing checks was number 20508 which was the number of the check presented at Alexander's Market. The manager testified he had not made out the check, nor had he given anyone permission to do so. "S. T. Shaffer," whose signature appeared on the check, was unknown by the manager.

Defendant denied that he presented the check or that he had ever been in Alexander's Market. He further testified he was not able to write except to write his name, and that he did not write his name or any other name on the check.

Defendant contends that the evidence was insufficient to show forgery since there was uncontroverted testimony that defendant could not read or write. This contention is without merit. ■ The crime of forgery may be committed by merely uttering (making use of) a false or altered document with intent to defraud. (*People* v. *McKenna,* 11 Cal.2d 327, 332 [79 P.2d 1065].) ■ Presenting a forged check for payment constitutes an uttering. (*People* v. *Ruiz,* 103 Cal. App.2d 146, 149 [229 P.2d 73].)

When the clerk suggested he would have to verify the check, defendant fled from the store, leaving the check behind him. This immediate flight, although in advance of any direct accusation, was under these circumstances persuasive evidence of a consciousness of guilt. There was substantial evidence that the check was uttered by defendant with intent to defraud.

Defendant's primary contention on appeal is that the check

as presented was void on its face; and therefore it cannot be the subject of forgery. A consideration of this contention involves two separate questions. First, is a check void on its face because the line is left blank where the amount is to be written out in longhand, although an amount appeared on the line where it is to be written in numerals? Second, if such an instrument is void on its face, may it nevertheless be the subject of forgery?

In *De Bose* v. *Los Angeles Teachers Credit Union* (Mun. Ct. of App., D.C.) 129 A.2d 700, the court was confronted with a promissory note which contained a similar defect. The court noted that the law of California, the place of execution, should be applied to determine the validity of the note. However, they were obliged to apply the general majority rule since they were not able to find any California decision on the point in question. The majority rule appears to be that the amount written in numerals is merely a marginal notation to be used as a convenient index and as an aid in removing ambiguity in the amount written out in the instrument itself. (See 7 Am.Jur., Bills and Notes, §§ 74, 131.) However, recovery can be had upon such an incomplete instrument if there is proof of the existence and the amount of the underlying debt. (*De Bose* v. *Los Angeles Teachers Credit Union, supra,* at p. 702.)

California early adopted the rule which was well settled by precedents that to constitute the crime of forgery, the forged instrument must be one which, if genuine, must be legally capable of working the intended fraud or injury. (*People* v. *Tomlinson,* 35 Cal. 503.) The rule was clarified in *People* v. *Munroe,* 100 Cal. 664 [35 P. 326, 38 Am.St. Rep. 323, 24 L.R.A. 33], which held that while an instrument which is clearly void on its face is not the subject of forgery, the mere fact that an instrument is legally unenforceable is not a defense to a prosecution for forgery so long as upon its face it may have the effect to defraud one who acts upon it as genuine. (*People* v. *Baender,* 68 Cal.App. 49, 59-60 [228 P. 536]; *People* v. *Thorn,* 138 Cal.App. 714, 726 [33 P.2d 5].)

"Whether the forged instrument is one of a particular name or character or, if genuine, would create legal liability, is immaterial; the test is whether upon its face it will have the effect of defrauding one who acts upon it as genuine. [Citations.]" (*People* v. *McKenna,* 11 Cal.2d 327, 332 [79 P.2d 1065].)

The purpose of the statute against forgery is to protect

society against the fabrication, falsification and the uttering of instruments which might be acted upon as being genuine. The law should protect, in this respect, the members of the community who may be ignorant or gullible as well as those who are cautious and aware of the legal requirements of a genuine instrument. ■ An instrument is not the subject matter of forgery only where it is so defective on its face that, as a matter of law, it is not capable of defrauding anyone. ■ The instrument which was uttered by defendant in this case might on its face have easily defrauded someone. ■ In fact, it would have been legally enforceable in its incomplete state if, as it represented, there was in fact an underlying debt. (*De Bose* v. *Los Angeles Teachers Credit Union, supra.*)

Judgment of conviction affirmed, purported appeal from the order denying motion for new trial dismissed.

Burke, P. J., and Ford, J.,* concurred.

*Assigned by Chairman of Judicial Council.