Filed 11/3/15  Certified for publication as modified 12/3/15 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUAN CARLOS AMAYA,<br><br>    Defendant and Appellant. | B261189<br><br>(Los Angeles County<br>Super. Ct. No. BA382238) |

APPEAL from an order of the Superior Court of Los Angeles County. Kristi Lousteau, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.) Affirmed in part, reversed in part, and remanded with directions.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Robert M. Snider, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In a felony complaint filed by the Los Angeles County District Attorney's Office, defendant and appellant Juan Carlos Amaya was charged with six counts of second degree commercial burglary with intent to commit larceny, each a violation of Penal Code section 459.[1] The burglaries occurred on the premises of six different business establishments, namely party supply stores. According to his preconviction probation report, appellant admitted entering each party supply store and renting tables and chairs without any intention of returning them.

Appellant pleaded no contest to all six charges. The trial court accepted the plea and found appellant guilty. He was sentenced to three years formal probation on conditions, including 60 days of work for the California Department of Transportation (Caltrans), and to make direct victim restitution, totaling $4,540.[2]

On January 26, 2012, appellant failed to appear in court. The trial court revoked his probation and issued a bench warrant.

On June 3, 2013, appellant returned to court. On June 17, 2013, he admitted that he was in violation of probation for not reporting to the probation office, not working for Caltrans, and not paying restitution. The trial court reinstated probation and ordered that appellant serve 180 days in the county jail forthwith, with presentence custody credit for 17 days actually in jail and 17 days in conduct credit. He was ordered to report to probation within two days of his release from custody. His work requirement was deleted.

On December 2, 2013, appellant again failed to appear in court. The trial court again revoked appellant's probation and issued a bench warrant.

On December 8, 2014, appellant returned to court. About two weeks later, he admitted that he was again in violation for not reporting to probation. He said that he had

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Appellant was ordered to pay direct restitution to the victims in counts one through five in amounts less than $950 each and to the victim in count six in the amount of $2,200.

not paid any restitution for about 14 months.  The trial court reinstated appellant's probation with the modification that he serve an additional 32 days in the county jail, with credit for time already served.  Appellant then made an oral motion to reduce "this" to a misdemeanor under Proposition 47.  The trial court denied the motion.

Appellant timely appealed from the order denying his Proposition 47 petition.

## DISCUSSION

Appellant contends that the trial court erred when it denied his petition to reduce his felony burglary charges to misdemeanor shoplifting, a violation of new section 459.5.[3]

Section 1170.18, subdivision (a), provides, in relevant part, that a "person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction."  At issue in this appeal is whether appellant's oral motion satisfies the statutory requirement of a "petition."  We conclude that, in this case, it does.

The statute does not specify that the petition be filed or that it be in writing.  The underlying elements of five of the six counts fall within the scope of section 459.5, subdivision (a):  Appellant entered a commercial establishment with intent to commit larceny while that establishment was open during regular business hours and the property taken did not exceed $950.  And, there is no evidence or argument that appellant posed "an unreasonable risk of danger to public safety."  (§ 1170.18, subd. (b).)  Because appellant satisfies the criteria in section 1170.18, subdivision (a), he must be resentenced to a misdemeanor on counts one through five[4] under section 459.5.  (§ 1170.18, subd. (b) ["If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor"].)

---

[3]     New section adopted November 5, 2014.

[4]     Appellant agrees that he is not entitled to the requested relief for count six.

3

In urging us to affirm, the People point out that appellant made an oral motion; he did not file a written petition. But, as noted above, there is no statutory requirement for the filing of a written petition. And the People fail to cite any legal authority to support their construction of the word "petition" necessarily always means "written petition." The statutes cited by the People, which also use the term "petition," are different because, by their express language, they contemplate a document in writing. (See, e.g., §§ 851.8 [petition for destruction of arrest records must be served], 1474 [petition for writ of habeas corpus must be signed], 4852.01 [eligibility for "filing" petition for certificate of rehabilitation and pardon].) Similar language is not found in section 1170.18.

The People also direct us to the fact that appellant did not specify which offenses he sought to have reduced; he only asserted that he wanted to reduce "this" to a misdemeanor. While appellant's motion is arguably vague, it is clear what relief appellant was requesting.

## DISPOSITION

The order on counts one through five is reversed. The matter is remanded to the trial court with directions to issue a new order changing appellant's commercial burglary offenses (§ 459) to misdemeanor shoplifting (§ 459.5). The order on count six is affirmed.

_____, J.
ASHMANN-GERST

We concur:

_____, P. J.        _____, J.
BOREN                                    HOFFSTADT

4

Filed 12/2/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B261189 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA382238) |
| v. | |
| JUAN CARLOS AMAYA, | **ORDER MODIFYING OPINION; DENYING PETITION FOR REHEARING; AND CERTIFYING OPINION FOR PUBLICATION** |
| Defendant and Appellant. | |
| | **[CHANGE IN JUDGMENT]** |

THE COURT:[*]

It is ordered that the opinion filed herein on November 3, 2015, be modified as follows:

At the end of the third paragraph on page 3, after the sentence "We conclude that, in this case, it does," add as footnote 4 the following footnote:

> [4] Based on the arguments raised in the appellate briefs, it appears the parties presumed that the only issue on appeal was whether appellant's petition was properly denied because it was not filed in writing. In the People's petition for rehearing, for the first time, the People argue that appellant does not qualify for resentencing, pursuant to *People v. Gonzales* (Nov. 12, 2015, D067554) 2015 Cal.App. Lexis 1006 (*Gonzales*) and *People v. Williams* (2013) 57 Cal.4th 776 (*Williams*). Tailoring our decision to the arguments raised in the appellate briefs, we only determine that a defendant's petition for resentencing may be made orally. On remand, the trial court is directed

---

[*] BOREN, P. J., ASHMANN-GERST, J., HOFFSTADT, J.

to consider appellant's petition, including any arguments made by the People pursuant to *Gonzales* and *Williams*.

On page 3, the fourth full paragraph beginning "The statute does not specify" is deleted in its entirety.

On page 4, the second sentence of the first full paragraph, the words "as noted above" are deleted, so the sentence now reads:

But, there is no statutory requirement for the filing of a written petition.

On page 4, in the first sentence of the second full paragraph, add as footnote 5, the following footnote after the words "sought to have reduced":

[5] Appellant agrees that he is not entitled to the requested relief for count six.

On page 4, under the heading Disposition, the second sentence beginning, "The matter is remanded" is deleted and replaced with:

The matter is remanded to the trial court with directions to consider appellant's oral petition.

This modification changes the judgment.

Respondent's petition for rehearing is denied.

The opinion in the above-entitled matter filed on November 3, 2015, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

**<u>CERTIFIED FOR PUBLICATION</u>**.

2