Filed 3/14/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B260447 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA125859) |
| v. | |
| RUBEN PHILLIP FRANCO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Roger Ito, Judge. Affirmed and remanded with instructions.

Allison H. Ting, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Ruben Franco appeals the denial of his oral petition for resentencing on his convictions for forgery and receiving stolen property. We affirm the judgment but remand for correction of the abstract of judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 17, 2012, Franco was charged with forgery (Pen. Code,[1] § 475, subd. (a)) and receiving stolen property (§ 496, subd. (a)). It was alleged that he had served five prior prison terms within the meaning of section 667.5, subdivision (b). Franco pleaded guilty to the charged offenses and admitted the five prior prison terms. The court struck four of the five prior prison term allegations, suspended the execution of a four-year felony state prison sentence, and placed Franco on three years' formal probation.

On August 11, 2014, Franco failed to appear for a probation violation hearing. The trial court revoked his probation and issued a bench warrant. On November 4, 2014, Franco was taken into custody.

On November 19, 2014, the trial court found that Franco had violated his probation and imposed the previously suspended four-year sentence. Franco made an oral petition for resentencing that the court denied. Franco appeals.

## DISCUSSION

### I.      Proposition 47 Resentencing Petition

"On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (hereafter Proposition 47), which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Id*. at p. 1091.)

---

[1]      Unless otherwise indicated, all further statutory references are to the Penal Code.

2

Proposition 47 amended the law regarding forgery to provide, in relevant part, that "any person who is guilty of forgery relating to a check, bond, bank bill, note, cashier's check, traveler's check, or money order, where the value of the check, bond, bank bill, note, cashier's check, traveler's check, or money order does not exceed nine hundred fifty dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." (§ 473, subd. (b).)

Section 496, subdivision (a), regarding receiving stolen property, was also amended by Proposition 47. It now provides, "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. However, if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year, if such person has no prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." (§ 496, subd. (a).)

"Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a

3

misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*Rivera*, *supra*, 233 Cal.App.4th at p. 1092.) Franco argues that the trial court should have resentenced him, treating his forgery and his receiving stolen property convictions as misdemeanors, based on his oral petition.

### A. Petition Requisites

The Attorney General argues that Franco was ineligible for resentencing because his request was oral and not written. Although some language in the statute suggests that its drafters anticipated that petitions would be in written form, section 1170.18 contains no express requirement that a resentencing petition be made in writing. We therefore agree with the court in *People v. Amaya* (2015) 242 Cal.App.4th 972 at page 975, that there is "no statutory requirement for the filing of a written petition." Moreover, the Attorney General has not demonstrated that the prosecutor objected in the trial court to Franco's petition on the ground that it was oral rather than written. "'"'An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been, but was not, presented to the lower court. . . .'"'" (*People v. Saunders* (1993) 5 Cal.4th 580, 589-590.)

### B. Forgery Conviction

Franco's argument for resentencing is premised on his view that the $950 value amount set forth in section 473, subdivision (b) corresponds not to the stated amount on the face of the forged instrument but to the intrinsic value of the instrument itself. He relies upon *People v. Cuellar* (2008) 165 Cal.App.4th 833 (*Cuellar*), in which the Court of Appeal concluded that there was sufficient evidence to support a conviction for grand theft from the person of another where the defendant took what was described as a "bogus check" from the hand of a department store salesperson. The *Cuellar* court reasoned that the check did not have a value equal to the amount for which it had been written, but that for the purposes of a grand theft conviction, it nonetheless had some

4

intrinsic value by virtue of the paper it was printed on and as a negotiable instrument that, if legally drawn, would entitle its holder to payment on demand. (*Id.* at pp. 838-839.) Franco reasons that the forged check he possessed, because it was illegally drawn and was not exchanged for value, had no actual value despite the check's face value being $1,500, and that the court therefore should have resentenced him for forgery as a misdemeanor..

We are not persuaded that the trial court interpreted section 473, subdivision (b) incorrectly. While *Cuellar*, *supra*, 165 Cal.App.4th 833 and similar cases stand for the principle that a forged check does not have an actual value corresponding to the face value of the check, section 473, subdivision (b) does not specify that it is the actual value of the check, as opposed to the face value of that instrument, that is the value that is used to determine whether the offense is a felony or a misdemeanor. The value of forged checks, bonds, bank bills, notes, cashier's checks, traveler's checks, and money orders, the items listed in section 473, subdivision (b), may or may not correspond to the face value of the instrument, depending on the existence of a secondary market or other evidence of value. When viewed in the context of forgery, however, the word "value" as used in section 473, subdivision (b) must correspond to the stated value or face value of the check in order to avoid absurd consequences. (*Flannery v. Prentice* (2001) 26 Cal.4th 572, 578 [courts avoid statutory constructions that would produce absurd consequences].) The trial court did not err in declining to resentence him on the forgery conviction.

Franco argues that even if we "do not follow" *Cuellar*, *supra*, 165 Cal.App.4th 833 and similar cases concerning the value of the forged check, at the time he committed his offenses he "had a federal constitutional due process right to rely on" this line of cases such that we must consider the forged check here to have had only a nominal value and may only apply our reasoning prospectively. Our conclusion that section 473, subdivision (b) refers to the face value of the forged instrument is not a departure from those cases holding that the actual value of a forged instrument is de minimis, and we are therefore not failing to follow *Cuellar* and similar authority such that our decision may

5

only be applied prospectively. Moreover, at the time that Franco committed his offenses, Proposition 47 had not been enacted and all forgery was punishable as a felony regardless of the value of the instrument in question. Therefore, even if our understanding of *Cuellar* and related cases could be considered as constituting a change in interpretation, this change could not have had any impact on Franco's pre-Proposition 47 decision to plead guilty.

### C. Receiving Stolen Property Conviction

Franco argues that he should have been resentenced on his conviction for receiving stolen property as a misdemeanor based upon the same argument concerning value that he made in the context of his forgery conviction. Franco, however, has not demonstrated on this record that he petitioned the trial court to resentence him on this offense. Franco's petition for resentencing was made orally and off the record, and the record lacks any description of what counsel sought when he made this request. The argument and the decision of the court contained in the reporter's transcript concern solely the question of whether the forgery conviction was subject to resentencing as a misdemeanor. Neither the court nor either party mentioned the conviction for receiving stolen property. As there is no indication that Franco petitioned the court to resentence him on his felony conviction for receiving stolen property as a misdemeanor, Franco has not established any error by the trial court in failing to resentence him for this offense.

### II.    Abstract of Judgment

Both Franco and the Attorney General agree that the abstract of judgment contains a typographical error in the representation of the date of Franco's sentencing hearing. The first page of the abstract of judgment states that the sentencing hearing was held on November 19, 2013, when in fact the hearing occurred on November 19, 2014. We may correct this clerical error on appeal. (*People v. Mitchell* (2001) 26 Cal.4th 181, 186-187.)

6

## DISPOSITION

The judgment is affirmed.  The superior court is ordered to prepare an amended abstract of judgment as set forth in this opinion and to forward a copy to the Department of Corrections and Rehabilitation.


ZELON, J.


We concur:


PERLUSS, P. J.


SEGAL, J.