Filed 2/17/17 (unmodified opinion attached)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRIAN LEE LOWERY,<br><br>    Defendant and Appellant. | H042551<br>(Santa Clara County<br>Super. Ct. No. FF932426)<br><br>**ORDER MODIFYING OPINION**<br><br>**NO CHANGE IN THE JUDGMENT** |

THE COURT:

It is ordered that the opinion filed herein on February 10, 2017, be modified as follows:

First, the last full sentence on the eighth page shall be modified to state:

> For the above reasons, we hold the term "value" in Penal Code section 473 refers to the actual monetary worth of the check—that is, the amount the defendant could obtain for the check, not the amount for which it was written.

Second, after the above modification is made, page numbers shall be added to the opinion.


There is no change in the judgment.

Dated: _____      _____
                                    Rushing, P.J.


                                    _____
                                    Premo, J.


                                    _____
                                    Grover, J.


People v. Lowery
H042551

Filed 2/10/17 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BRIAN LEE LOWERY,<br><br>    Defendant and Appellant. | H042551<br>(Santa Clara County<br>Super. Ct. No. FF932426) |

This case concerns the meaning of the term "value" in subdivision (b) of Penal Code section 473, which makes check forgery a misdemeanor if the value of the check does not exceed $950.[1]

Defendant Brian Lee Lowery tried to cash a stolen forged check, but the cashier determined it was forged and refused to cash it. After pleading no contest to possessing a fictitious check, Lowery petitioned to designate the offense a misdemeanor under Proposition 47. Both the prosecution and Lowery stipulated to his eligibility to have the offense designated a misdemeanor. The trial court, however, rejected this stipulation. The court denied the petition on the ground that the check was written for $1,047.85, exceeding the $950 limit under Penal Code section 473. Lowery appeals from the denial of his petition.

Applying the rules of statutory construction, we conclude the term "value" in Penal Code section 473 refers to the actual monetary worth of the check, not the amount for which it was written. While the written value of a forged check may be substantial

---

[1] This issue is currently before the California Supreme Court in *People v. Franco* (2016) 245 Cal.App.4th 679, review granted June 15, 2016, S233973.

evidence of its monetary worth, a defendant may be able to show an uncashed check was worth less than its written value—e.g., by presenting evidence that the check was unlikely to be cashed.

In rejecting the parties' stipulation as to Lowery's eligibility, the trial court erroneously ruled that the value of the check was equal to its written value as a matter of law. Accordingly, we will reverse the order denying the petition and remand with instructions to hold an evidentiary hearing on the matter.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2009, Davlyn Giovanetti told police five checks had been stolen from her business in Morgan Hill.[2] Lowery tried to cash one of the checks in the amount of $1,047 at a check cashing business in Gilroy. The cashier, however, suspected the signature was not genuine. The cashier called Giovanetti, who told him not to cash the check. The cashier kept it, along with a copy of Lowery's driver's license. Lowery subsequently told police a woman named "Ann" had given him the check as payment for collecting scrap.

In 2010, Lowery pleaded no contest to possession of a fictitious check. (Pen. Code, § 476.) In 2015, he petitioned to designate the offense a misdemeanor under Proposition 47. (Pen. Code, §1170.18, subd. (f).) He filed a standardized court form titled "WAIVER AND STIPULATION FOR RESENTENCING or REDESIGNATION OF OFFENSES." A checked box on the form stated, "The defendant is eligible to have the felony convictions listed above be designated as misdemeanors under Penal Code §1170.18(f) and the Court may issue an order redesignating those offenses without a hearing." The form was signed under penalty of perjury by both the prosecutor and Lowery's counsel.

---

[2] The statement of facts is based on police reports summarizing the offense. At the plea hearing, Lowery stipulated to a factual basis for the offense based on the police reports. We granted his motion to augment the record with the reports.

The trial court issued a written order setting a hearing on the petition. The order stated, "Upon review by this Court, it appears that Defendant is ineligible for the stipulated relief. Although Penal Code § 476 is an offense that may be subject to the provisions of Penal Code § 1170.18, those provisions only apply when the total amount of all checks does not exceed $950 (see Penal Code § 476(b)).[3] According to the statement of probable cause in this case, the check in question was in the amount of $1047.85."[4]

At the hearing, Lowery was represented by the public defender, but he did not personally appear. Neither defense counsel nor the prosecutor spoke. The following is the entire transcript: "[THE COURT:] Line 4 is Brian Lee Lowery. In this case, I find that defendant is ineligible for the requested relief. [¶] He is seeking reduction of the felony offense in this case in Count One. That's a violation of Penal Code Section 476. Although Penal Code Section 476[] is one of the offenses that may be subject to reduction, in this case the record clearly establishes that the check in question exceed[s] $1,000. It was $1,047.85. It does exceed the $950 limit for mandatory misdemeanor treatment, and for that reason, the petition is denied."

## II. DISCUSSION

Lowery raises several arguments. First, he contends the trial court abused its discretion by rejecting the parties' stipulation as to his eligibility to have his offense designated a misdemeanor. Second, he contends the trial court should have afforded him an evidentiary hearing on the matter. Alternatively, he argues that his attorney provided ineffective assistance of counsel by failing to request a hearing or interpose various

---

[3] The intended citation is to subdivision (b) of Penal Code section 473, not Penal Code section 476.

[4] No "statement of probable cause" appears in the record. It appears the court relied on the police reports.

objections.  Finally, he argues the court erred by relying on inadmissible hearsay statements in the police reports.

The Attorney General responds that Lowery forfeited his claims by failing to object to the trial court's ruling.  As to the substance of Lowery's first claim, the Attorney General contends the court was not bound by the parties' stipulation because it involved a question of law.  As to the merits of the petition, the Attorney General contends Lowery did not meet his burden of demonstrating his eligibility for relief because he failed to show the value of the check did not exceed $950.

## A. *Forfeiture*

We first consider whether Lowery has forfeited his claims on appeal by failing to object below.  Lowery contends any objection would have been futile, excusing the failure to object.  (See *People v. Hill* (1998) 17 Cal.4th 800, 821-822 [appellate review not forfeited where counsel's objections would have been futile].)  But even with the advantage of a written tentative ruling revealing the trial court's reasoning, defendant's appointed counsel filed no opposition and did not even state an objection at the hearing.  We agree with the Attorney General, however, that the court made its ruling on Lowery's eligibility as a matter of law.  We may therefore consider the issue on its merits "because it involves 'a pure question of law which is presented by undisputed facts.' " (*People v. Hines* (1997) 15 Cal.4th 997, 1061, quoting *Hale v. Morgan* (1978) 22 Cal.3d 388, 394.)

Although Lowery challenges the court's reliance on police reports, the parties do not dispute the essential fact—that the check was written for $1,047.85.  The issue is whether Lowery was ineligible because the $950 statutory limit of Penal Code section 473 refers to the written value of the check as a matter of law.  Accordingly, we will consider the merits of that ruling.

## B. *Legal Principles*

Among other things, Proposition 47 established a procedure whereby defendants who have completed their sentences may petition to have certain felony convictions

designated misdemeanors.  (Pen. Code, § 1170.18, subd. (f).)  The procedure applies to a felony conviction for an offense that would have been a misdemeanor if Proposition 47 had been in effect at the time of the offense.  Proposition 47 also amended Penal Code section 473 to reduce certain forgery offenses to misdemeanors.  Subdivision (b) of that section provides, in part, that "any person who is guilty of forgery relating to a check, bond, bank bill, note, cashier's check, traveler's check, or money order, where the *value of the check*, bond, bank bill, note, cashier's check, traveler's check, or money order does not exceed nine hundred fifty dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year . . . ."  (Pen. Code, § 473, subd. (b), italics added.)  This case concerns the meaning of the term "value" as used in that subdivision.

As an issue of statutory construction, we review the trial court's interpretation of Proposition 47 de novo.  (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.)  "When we interpret an initiative, we apply the same principles governing statutory construction.  We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole.  If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language.  If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure."  (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571.)

### C.  *"Value" as Used in Penal Code Section 473 Means Actual Monetary Worth*

Based on the written value of the check at issue here, the Attorney General takes the position that the check had a value exceeding $950 as a matter of law.  Lowery, relying on *People v. Cuellar* (2008) 165 Cal.App.4th 833 (*Cuellar*), contends the value of the check was limited to the intrinsic value of the paper on which it was written.  We find neither argument convincing.

We look first to the ordinary meaning of the initiative's language. Although the term "value" may have different meanings in different contexts, its ordinary meaning in the economic context refers to the actual monetary worth of an object, typically as measured by fair market value. Black's Law Dictionary defines "value" as "[t]he *monetary worth* or price of something; the amount of goods, services, or money that something will command in an exchange." (Black's Law Dict. (8th ed. 2004) p. 1586, col. 2.) California courts are in accord that the ordinary meaning of "value" refers to actual monetary value, e.g. as measured by fair market value. "The ordinary and commonly understood meaning of 'value' is fair market value." (*Manhattan Sepulveda, Ltd. v. City of Manhattan Beach* (1994) 22 Cal.App.4th 865, 870, citing cases.)

This construction has long been applied to the Penal Code as well. "It is well established that the value to be placed on stolen property for purposes of [Penal Code] section 487 'is the fair market value of the property and not the value of the property to any particular individual.' " (*People v. Cook* (1965) 233 Cal.App.2d 435, 437, quoting *People v. Latham* (1941) 43 Cal.App.2d 35, 39.) Penal Code section 484, defining theft, expressly defines value in these terms. "In determining the value of the property obtained, for the purposes of this section, the reasonable and fair market value shall be the test . . . ." (Pen. Code, § 484, subd. (a).) (Cf. Pen. Code, § 482 [expressly referring to the "nominal value" of an altered ticket, check, order, coupon, etc.].)

We further note that Proposition 47 uses the term "value" in several contexts that appear to refer to the actual monetary value of the property, not the face value or nominal value. (See, e.g., Pen. Code, §§ 459.5, subd. (a) [defining shoplifting], 490.2, subd. (a) [defining petty theft], 496, subds. (a) & (b) [defining receipt of stolen property].) The normal rule of statutory construction is that identical words used in different parts of the same act are intended to have the same meaning. (*Department of Revenue of Oregon v. ACF Industries, Inc.* (1994) 510 U.S. 332, 342.)

Evidence of the voters' intent further supports interpreting "value" in section 473 to mean monetary worth.  The Voter Information Guide to Proposition 47 states that "[u]nder this measure, forging a check *worth* $950 or less would always be a misdemeanor, except that it would remain a wobbler crime if the offender commits identity theft in connection with forging a check."  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis of Prop. 47 by Legis. Analyst, p. 35, italics added.)

Lowery contends the value of the check was limited to the value of the paper on which it was written because a forged check is a nullity.  For this proposition, he relies on *Cuellar, supra,* 165 Cal.App.4th 833.  Cuellar attempted to use a forged check to purchase cosmetics at a department store, but the clerk suspected the check was false and refused to honor it.  Cuellar grabbed the check from the clerk's hand and left the store.  A jury convicted Cuellar of grand theft from a person, among other crimes.  (Pen. Code, § 487, subd. (c).)  He challenged his conviction on the ground that grand theft from a person requires the taking of something of value, while a forged check has no value unless it is accepted.  The court of appeal recognized the general principle that a forged check is a nullity, but the court found sufficient evidence that the check had some minimal intrinsic value in the paper on which it was printed.  The court also held that the check had "intrinsic value as a negotiable instrument that, if legally drawn, would entitle its holder to payment on demand."  (*Cuellar*, *supra*, at p. 839.)

*Cuellar*, decided several years before Proposition 47, is inapposite here.  This case concerns the statutory construction of Penal Code section 473, which was not at issue in *Cuellar*.  The language of that section makes clear that check forgery may be punishable as a felony if the value of the check exceeds $950.  If, as Lowery argues, the value of a forged check is never more than the paper on which it is written, the language defining the $950 limit would be meaningless.  This would violate the rule that "[c]ourts should give meaning to every word of a statute if possible, and should avoid a construction making any word surplusage."  (*Arnett v. Dal Cielo* (1996) 14 Cal.4th 4, 22.)  Moreover,

*Cuellar* held only that a forged check is "of no value *unless accepted*."  (*Cuellar*, *supra*, 165 Cal.App.4th at p. 838, *U.S. Rubber Co. v. Union Bank & Trust Co.* (1961) 194 Cal.App.2d 703, 708-709, italics added.)

We think a forged check *may* have a monetary value equal to its written value. (Cf. *People v. Salmorin* (2016) 1 Cal.App.5th 738, 744–745.)  If Lowery had successfully cashed the check for its written value, this would be overwhelming evidence that it was worth its written value.  But other extrinsic factors may be equally relevant to the determination such that an evidentiary hearing is required.  A defendant may be able to introduce evidence showing the actual monetary value of the check is less than its written value.  For example, a check may be so ineptly forged that even the most credulous clerk would refuse to honor it.  A poorly forged check for a million dollars is unlikely to be cashed, and it makes little sense to assign the written value to such a check.  The more serious crime would consist of expertly forging a check for a thousand dollars.  Allowing a defendant to present evidence that a forged check was not likely to be cashed is therefore consistent with the primary purposes of Proposition 47, which include reducing the number of nonviolent offenders in state prisons and reserving prison sentences for more serious offenders.  (See Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70; *People v. Montgomery* (2016) 247 Cal.App.4th 1385, 1389-1390.)  A defendant might also be able to present evidence through an expert witness that a forged check has a monetary value less than its written value based on a discounted price paid on the street.  (See *U.S. v. Tyers* (2d Cir. 1973) 487 F.2d 828, 831 [jury was properly instructed that it could consider "street value" of stolen money orders].)  Proposition 47 relief may also be summarily granted based on the face amount (for example where a forged check is written for less than $950), as it is virtually certain that the market value of a forged instrument would not exceed its face amount.

For the above reasons, we hold the term "value" in Penal Code section 473 refers to the actual monetary worth of the check, not the amount for which it was written.  We

conclude the trial court erred by rejecting the parties' stipulation based on a finding that the check was worth its written value as a matter of law. We will reverse the order denying the petition and remand for an evidentiary hearing. Accordingly, we do not reach Lowery's remaining claims.

## III. DISPOSITION

The order denying Lowery's petition is reversed, and the matter is remanded to the trial court for an evidentiary hearing on the value of the check and any other facts pertaining to Lowery's eligibility under Proposition 47.

_____

RUSHING, P.J.

I CONCUR:

_____

PREMO, J.

_____

GROVER, J.

*People v. Lowery*
**H042551**

Trial Court:                                Santa Clara County
                                            Superior Court No.:  FF932426

Trial Judge:                                The Honorable Linda R. Clark


Attorney for Defendant and Appellant        Laurie Wilmore
Brian Lee Lowery:                           under appointment by the Court of
                                            Appeal for Appellant




Attorneys for Plaintiff and Respondent      Kamala D. Harris
The People:                                 Attorney General

                                            Gerald A. Engler
                                            Chief Assistant Attorney General

                                            Jeffrey M. Laurence
                                            Senior Assistant Attorney General

                                            Seth K. Schalit
                                            Supervising Deputy Attorney General

                                            Claudia H. Amaral
                                            Deputy Attorney General




People v. Lowery
H042551