Filed 1/3/23 P. v. Washington CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B320404 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA015216) |
| v. | |
| RODERICK WASHINGTON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Christopher W. Dybwad, Judge. Affirmed.

Roderick Washington in pro. per.; Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

_____

## BACKGROUND

Appellant Roderick Washington appeals from an order denying his April 25, 2022, motion seeking post-conviction relief under Proposition 47. He was convicted following a no contest plea to a charge of felony possession of a completed check with intent to defraud, a forgery offense codified in Penal Code section 475.[1] In his motion, appellant asked that his felony conviction be reduced to a misdemeanor because the check underlying his conviction was never cashed or otherwise used. The superior court denied the motion, concluding that it could not grant the requested relief because the amount of the fraudulent check exceeded $950. Appellant timely appealed.

## DISCUSSION

Appellant's appointed appellate counsel filed a brief raising no issues. After receiving the record and a copy of counsel's brief, appellant filed a supplemental brief reiterating his contention that he is eligible for relief under Proposition 47 because the check underlying his conviction

_____

[1] Undesignated statutory references are to the Penal Code.

was never cashed or otherwise used. The filing of this supplemental brief compels this court to "evaluate the specific argument[] presented in that brief" but "does not compel an independent review of the entire record to identify unraised issues." (*People v. Delgadillo* (Dec. 19, 2022, S266305) ___ Cal.5th ___ [2022 Cal.LEXIS 7654, at *21].)

Enacted in 2014, Proposition 47 reduced to misdemeanors certain drug- and theft-related offenses that had previously been designated either felonies or wobblers, which are crimes that can be punished as either felonies or misdemeanors. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) As relevant here, Proposition 47 amended section 473 to provide that, absent certain exceptions, a forgery relating to a check shall be punished as a misdemeanor if "the value of the check . . . does not exceed nine hundred fifty dollars ($950) . . . ."[2] (§ 473, subd. (b).) Proposition 47 "also added . . . section 1170.18, which permits those previously convicted of felony offenses that Proposition 47 reduced to misdemeanors to petition to have such felony convictions resentenced or redesignated as misdemeanors." (*People v. Buycks* (2018) 5 Cal.5th 857, 870-871, fn. omitted.)

---

[2] Section 473 provides the penalty applicable to the offense of possession of a completed check with intent to defraud in section 475, subd. (c). (Levenson & Ricciardulli, Cal. Criminal Law (The Rutter Group 2022) § 8:71 [violations of § 475 are punishable in accordance with § 473].)

Here, it is undisputed that the face value of the check underlying appellant's conviction was $33,000. For purposes of determining if a forged check exceeds the $950 threshold of Proposition 47, its "value" is the amount written on its face, irrespective of the amount of loss or detriment it actually caused, if any. (*People v. Franco* (2018) 6 Cal.5th 433, 438-439 ["the gravamen of forgery is intent to defraud, not actual injury"].) Accordingly, the superior court correctly determined it could not grant the requested relief under section 1170.18.[3]

---

[3] We deny appellant's motion to augment the record on appeal, as appellant intends the additional materials to show that he caused no loss to the victim, a matter irrelevant to appellant's eligibility for relief. (See *Holland v. Jones* (2012) 210 Cal.App.4th 378, 382, fn. 1 [denying augmentation with irrelevant documents].)

## DISPOSITION

The superior court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

SCADUTO, J.*

We concur:

COLLINS, Acting P.J.

CURREY, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.